IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stafford Kearse, #241166, | ) CIVIL ACTION NO. 9:09-1031-HMH-BM |
| Plaintiff, | ) |
| v. | ) |
| Warden Padula, Lee C.I. Warden; | ) **REPORT AND RECOMMENDATION** |
| Ryan B. Hutchinson, M.D.; | ) |
| Russell D. Kitch, Ent. Ontolaryngology, | ) |
| LoBette Singleton, Nurse, Dr. Brill, Ent., | ) |
| Warden Bell, Assoc. Warden, Lee C.I., | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights while he was confined at the Lee Correctional Institution.[1]

Plaintiff alleges he has received inadequate or improper medical care while he has been incarcerated with the Department of Corrections. Plaintiff also complains about being placed in the Chesterfield Unit at the Lee Correctional Institution, which he alleges "is a very violent and nefarious yard and it has a reputation for brutal and violent acts." Plaintiff alleges he was placed in the SMU "lockup" for a short period of time, but that after he was released back into the Chesterfield Unit he was assaulted. Plaintiff alleges he is a target for assaults because of his bad eyesight.

Plaintiff has now filed a motion for a preliminary injunction pursuant to Rule 65(a) Fed.R.Civ.P., wherein he again complains about having been assaulted while in the Chesterfield Unit, and asking that the Court order that he be placed in statewide protective custody as a preliminary precaution. Plaintiff argues that this will "greatly reduce the stress and anxiety that Plaintiff suffers

---



[1] Plaintiff is currently confined at the Lieber Correctional Institution.



from." The Defendants (except for the Defendant Kitch, who is represented by separate counsel) oppose plaintiff's motion, arguing that Plaintiff's request for injunctive relief is moot as against these parties since he has now been transferred to a different correctional institution, that Plaintiff has failed to provide evidence of his likelihood of success in the underlying dispute, and that he has failed to show that he would suffer irreparable injury if his motion is not granted.

Rule 65(a) provides that the Court may issue a preliminary injunction after notice to the adverse party, but in order to prevail a Plaintiff must show: 1) that he will suffer irreparable harm if the motion is not granted; and 2) that he has a reasonable likelihood of success on the merits of his claim. A preliminary injunction is an extraordinary remedy which will not be granted unless there is a clear showing of both probable success and irreparable injury. Murphy v. Society of Real Estate Appraisers, 388 F.Supp. 1046, 1049 (E.D.Wis. 1979); see also White v. Illinois Cent. R. Co., 349 U.S. 366 (1955). In considering such a motion, the Court should balance the following four factors: 1) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 2) the likelihood of harm to the Defendants if the injunction is granted; 3) the likelihood that the Plaintiff will succeed on the merits; and 4) the public interest. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc., 550 F.2d 189, 195-196 (4th Cir. 1977); Hughes Network Systems v. InterDigital Com. Corp., 17 F.3d 691, 693 (4th Cir. 1994); Safety-Kleen, Inc. V. Wyche, 274 F.3d 846, 858-859 (4th Cir. 2001). The balancing of relative hardships (factors one and two) is the most important determination, and how strong a showing the Plaintiff must make with regard to a likelihood of success on the merits depends on to what degree the likelihood of irreparable harm balances in his favor. Id. (citing Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991)).

Based on the material before the Court, the undersigned finds and concludes that



2

Plaintiff has not met his burden for the issuance of a preliminary injunction in this case. First, Plaintiff is not even at the institution, or confined in the unit, where Plaintiff alleges he was subjected to exceedingly dangerous conditions and where he was assaulted. He is now at a completely different institution. With respect to Plaintiff's complaints about being placed in the general population, the undersigned agrees with the Defendants that Plaintiff has cited no specific threats to his person at his new institution, nor has Plaintiff presented any medical opinions stating that his housing and confinement status should be changed for medical reasons. Rather, Plaintiff has presented only conclusory claims and allegations. Hence, he has failed to show either a likelihood of irreparable harm or that the will succeed on the merits. Further, if the Court were to issue such an injunction based on such general and conclusory allegations, the Department of Corrections' ability to effectively manage and control their own prison populations without court oversight would be damaged. It is well established in the law that the courts should give deference to prison officials with respect to the management of prisons.

Based on the foregoing, it is recommended[2] that the Plaintiff's motion for a preliminary injunction be **denied.** The parties are referred to the Notice Page attached hereto.



Bristow Marchant
United States Magistrate Judge

July 22, 2009

Charleston, South Carolina

---

[2]A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

